**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**


**L. C. LEWIS**                                                                      **PLAINTIFF**

**V.**                                                                   **NO. 4:07CV24-P-S**

**CANNON MOTORS**                                                                    **DEFENDANT**

## MEMORANDUM OPINION

This matter comes before the court upon Defendant Cannon Motors' Motion for Summary

Judgment [36]. After due consideration of the motion, no response having been filed, the court is

prepared to rule.

## I. FACTUAL BACKGROUND

On January 22, 2007 L.C. Lewis filed a motion to appoint counsel and to proceed *in forma*

*pauperis* to file a suit under Title VII for race discrimination against Cannon Motors. On April 24,

2007 the court denied the motion to appoint counsel, but granted the motion to proceed *in forma*

*pauperis* and required the plaintiff to notify the court in writing of his intention to proceed *pro se*

by May 8, 2007. On May 14, 2007 the U.S. Magistrate Judge filed a Report and Recommendation

that the plaintiff's suit be dismissed for failure to prosecute since he did not inform the court of his

intention to proceed *pro se*. On May 24, 2007 the plaintiff filed a motion for additional time to

proceed *pro se*. Accordingly, the court on June 14, 2007 granting the motion for additional time and

declined to adopt the Report and Recommendation. The court instructed the Clerk's Office to file

the Complaint and issue process.

The Complaint was accordingly filed on June 15, 2007. Shortly thereafter, the plaintiff filed

notices of appearance of two attorneys on his behalf. An Amended Complaint was filed on July 24,

2007. However, on August 28, 2007 the court allowed both of the plaintiff's attorneys to withdraw and ordered the case to be stayed for 30 days and for the plaintiff file a notice of a new attorney's appearance or intention to proceed *pro se* by September 27, 2007.

On November 20, 2007 the court entered an Opinion and Order denying the defendant's motion to dismiss for failure to prosecute but granting the defendant's Rule 12(b)(6) motion dismiss as to the plaintiff's claims of intentional and negligent infliction of emotional distress. With regard to the plaintiff's Title VII and § 1981 claims, the court wrote:

> The Court concludes that the plaintiff's Title VII and § 1981 claims are adequately stated to survive the defendant's Rule 12(b)(6) motion because the plaintiff's factual allegations in his Amended Complaint, taken as true, are enough to raise a right to relief above the speculation level. This is not to say, however, that the Court is concluding that these claims will be ultimately successful. Rather, the plaintiff must still present adequate evidence to create genuine issues of material fact justifying a trial. This evidence must be developed in the discovery process as governed by the rules set forth by the U.S. Magistrate Judge and the Federal Rules of Civil Procedure.

Opinion at 6. In order to accommodate the *pro se* plaintiff, the court went on to outline the proof that is necessary to pursue a Title VII claim (which is analytically identical for a race discrimination claim under § 1981).

On November 30, 2007 the court entered a Case Management Order wherein the court ordered, among other things, that the plaintiff shall complete service of Rule 26.1 discovery disclosures within ten days of the order, the discovery deadline was May 30, 2008 and the motions deadline was June 16, 2008.

On June 16, 2008 the defendant filed the instant motion for summary judgment, arguing that the plaintiff's case should be dismissed because: (1) pursuant to Fed. R. Civ. P. 36(a)(4), all of the defendant's Requests for Admissions are deemed admitted given that these requests were served on

the plaintiff on April 2, 2008 and the plaintiff has never responded to them, and since the admissions go to the merits of the plaintiff's case, his claims should be dismissed; and (2) the plaintiff has neither submitted nor pointed to any evidence creating a genuine issue of material fact as to any of his claims.

The deadline by which the plaintiff was supposed to respond to the defendant's motion for summary judgment was July 3, 2008. As of today's date – some 53 days after the deadline – the plaintiff has not responded, nor has he otherwise contacted the court for additional time to do so.

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id.* at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id.* at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

## B. Fed. R. Civ. P. 36(a)(4)

Pursuant to Federal Rule of Civil Procedure 36(a)(4), "[i]f a matter is not admitted [by a party after receiving a written request for an admission], the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter ...." "Under Federal Rule of Civil Procedure 36(a), a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991). Furthermore, any matter admitted under Rule 36 is deemed conclusively established unless the court permits withdrawal of the admission. Fed. R. Civ. P. 36(b). When the requests for admission concern material issues, the failure to respond to them can lead to a granting of summary judgment against the party who failed to respond. *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985).

It is undisputed that the defendant served the plaintiff with a copy of Defendant's Consolidated First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions on or about April 2, 2008. It is also undisputed that the plaintiff has never responded, nor has he requested additional time to do so.

Thus, the court concludes that the subject requests for admissions are deemed admitted. Accordingly, with Requests for Admission 1 through 10 admitted, the plaintiff's claims fail as a matter of law. For example, Request # 2 stated: "Your termination resulted from a series of disciplinary infractions committed including refusal of work assignments, defiant behavior, and combative behavior towards co-workers." Request # 5 stated: "There exists no demonstrative injury, neither mental nor emotional, that resulted from your termination by Cannon." Request # 6 stated: "Any and all disciplinary decisions, work assignment decisions, and termination of employment carried out by Cannon were based solely on the quality of your work and conduct while at work." Finally, Request # 9 stated: "Cannon Motors has in no way acted to willfully injure yo during the course of your employment."

Accordingly, with these requests deemed admitted, the court concludes that the plaintiff's claims fail as a matter of law and should be dismissed.

## C. Summary Judgment

Alternatively, the court concludes that the defendant's motion for summary judgment should be granted for the plaintiff's failure to present evidence – or any other type of response – establishing a genuine issue of material fact warranting trial in this matter. Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided

in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

## D. Failure to Prosecute

Another independent reason for dismissal is the plaintiff's failure to prosecute despite several instances wherein the court attempted to accommodate the plaintiff since he was acting *pro se*.

Federal Rule of Civil Procedure 41(b) provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

"Pursuant to Rule 41(b), a dismissal for failure to prosecute, unless otherwise stated in the order of dismissal, is a complete adjudication on the merits, and thus with prejudice." *Edwards v. City of Houston*, 78 F.3d 983, 994 (5th Cir. 1996). A district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though Rule 41(b) only provides for such dismissal on a defendant's motion. *Link v. Wabash*, 370 U.S. 626, 629-30 (1962); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-3 (5th Cir. 1993).

## III. CONCLUSION

For the reasons discussed above, the court concludes that Defendant Cannon Motors' Motion for Summary Judgment [36] should be granted and that the plaintiff's claims should be dismissed with prejudice. Accordingly, a Final Judgment shall issue forthwith,

**THIS DAY** of August 25, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE